## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Criminal No. 15-30158-RHM |
| | ) | |
| WILLIAM J. MABIE, | ) | |
| | ) | |
| Defendant. | ) | |

### GOVERNMENT'S CONSOLIDATED RESPONSE TO
### DEFENDANT'S *PRO SE* MOTIONS

The United States of America, by James L. Porter, Acting United States Attorney for the Southern District of Illinois, and Shane B. Kelbley, Special Assistant United States Attorney, responds to Defendant William J. Mabie's *pro se* motions as follows:

### Introduction

On October 20, 2015, a Grand Jury sitting in East Saint Louis, Illinois, returned the following one-count Indictment:

> On or about March 12, 2015, in St. Clair County, within the Southern District of Illinois,
> **WILLIAM J. MABIE,**
> Defendant herein, by acts involving physical contact, did knowingly forcibly assault, resist, oppose, impede, intimidate, and interfere with an officer of the United States, as designated in Title 18, United States Code, Section 1114, that is, a Deputy United States Marshal, a federal officer who was at the time engaged in the performance of his official duties, all in violation of Title 18, United States Code, Section 111(a)(1).

(Doc. 1).

Defendant – who was already serving a federal sentence of imprisonment for a previous conviction in the Southern District of Illinois for sending threatening communications – filed the following *pro se* motions before his arraignment: Motion to Dismiss Indictment (Doc. 6); Motion

to Change Venue (Doc. 7); and Demand for Speedy Trial (Doc. 8). At Defendant's initial appearance and arraignment on November 30, 2015, the court set a trial date of February 2, 2016. (Doc. 11). Defendant subsequently filed the following additional *pro se* motions: Motion for Documents (Doc. 28); Supplement to Motion to Dismiss and Motion to Change Venue (Doc. 29); Motion to Dismiss Due to Double Jeopardy (Doc. 30); Motion for Request for Disclosures (Doc. 31); Motion for Hearing (Doc. 33); and Motion to Appoint Computer Expert (Doc. 34). On January 15, 2016, in order to allow time for consideration of the pretrial motions, the Court entered an order rescheduling the trial for March 1, 2016, and directed the Government to respond to Defendant's *pro se* motions, each of which is addressed below.

## Motion to Dismiss Indictment (Docs. 6 & 29)

Defendant's Motion to Dismiss Indictment (Doc. 6) requests that the Court dismiss the Indictment because it is "indefensibly vague." Defendant advances two arguments: First, that the "[i]ndictment does not state means, or overt act required to be an assault," and second, that the "[i]ndictment does not clearly identify a victim, or their hamyn [sic]." *Id*. As a result, Defendant argues that pursuant to Rule 7 of the Federal Rules of Criminal Procedure, "[the Indictment's] language is too vague to be defended and must be dismissed." *Id*.  Defendant has also filed a supplement to this motion, (*see* Doc. 29 at 2-3) that appears to cite generally to *Elonis v. United States*, 135 S.Ct. 2001 (2015),[1] a Supreme Court case addressing the *mens rea* required for convictions in cases alleging interstate transmission of threatening communications. *Id*. Finally, Defendant's supplemental motion expresses confusion over which United States Sentencing Guidelines would apply in the event of his conviction in the instant case. (Doc. 29 at 3).

---

[1] Defendant's motion references only "US v ELONIS 575 ____ 2015." Doc. 29 at 2.

Defendant's motion should be denied because the language of the Indictment in this case is legally sufficient, and even if it were not, dismissal is not the appropriate remedy. Rule 7(c)(1) of the Federal Rules of Criminal Procedure states that an Indictment "must be a plain, concise, and definite written statement of the essential facts constituting the crime charged[.]" Fed R. Crim. P. 7(c)(1). In the Seventh Circuit, the standard for the sufficiency of an Indictment is settled law: "For an Indictment to be legally sufficient, it must accomplish three functions: it must state each of the elements of the crime charged; it must provide adequate notice of the nature of the charges so that the accused may prepare a defense; and it must allow the defendant to raise the judgment as a bar to future prosecutions for the same offense." *United States v. Fassnacht*, 332 F.3d 440, 444-45 (7th Cir. 2003). Importantly, a "defendant's constitutional right is to know the offense with which he is charged, *not to know the details of how it will be proved*." *Id.* at 446 (emphasis added) (quoting *United States v. Kendall*, 665 F.2d 126, 135 (7th Cir. 1981)). Therefore, an "Indictment that uses the language of the statute when setting forth the offense is usually sufficient 'as long as the statutory language unambiguously sets out all the elements necessary to constitute the offense.'" *United States v. Locklear*, 97 F.3d 196, 199 (7th Cir. 1996) (quoting *United States v. Allender*, 62 F.3d 909, 914 (7th Cir. 1995)).

In the instant case, the Indictment charges that on March 12, 2015, (1) Defendant forcibly assaulted, resisted, opposed, impeded, intimidated, and interfered with a Deputy U.S. Marshal, (2) the victim was an officer or employee of the United States and was performing an official duty at the time of the assault, (3) Defendant acted knowingly, and (4) Defendant made actual physical contact with the Deputy U.S. Marshal. Because the Indictment in this case tracks the language of 18 U.S.C. § 111(a)(1) as well as the Seventh Circuit's explanation of the elements of the crime, and because the Indictment provides Defendant with adequate notice of the nature of

the charges against him, it is legally sufficient. *See United States v. Grimes*, 219 Fed. App'x 552, 554 (7th Cir. 2007) (laying out four elements of felony assault on a federal official under 18 U.S.C. § 111(a)(1)).

Finally, even if the Court were to find that the Indictment's language is not legally sufficient under Rule 7, the remedy is not dismissal of the count. Rule 7(f) states that "[t]he court may direct the government to file a bill of particulars. The defendant may move for a bill of particulars before or within 14 days after arraignment or later if the court permits. The government may amend a bill of particulars subject to such conditions as justice requires." Fed. R. Crim. P. 7(f). In this case, if Defendant truly could not understand the nature of the charge against him, Defendant could have moved for a bill of particulars. In addition, the Government has provided Defendant with agency reports in discovery that describe the incident alleged in the indictment.

For the foregoing reasons, Defendant's Motion to Dismiss (Doc. 6) should be denied.

## Motion for Change of Venue (Docs. 7 & 29)

Defendant's *pro se* Motion for Change of Venue consists of the following arguments:

> 1. Virtually all of gov't witnesses work in 750 Missouri – at times in the courtroom
> 2. 750 Missouri was the scene of the event
> 3. Defendant maintains he was assaulted by U.S.M.S., unreal he should be forced to return repeatedly to scene of USMS attack on him
> (DEFENSE SUGGESTS 111 SOUTH TENTH – E.D.MO – BENTON IS NOT A GOOD ALTERNATIVE)

Doc. 7. In addition, Defendant's Supplemental Motion appears to cite generally to *Missouri v. Bamruck*, 85 S.W.3d 644 (Mo. 2002)[2] (en banc), in which the Missouri Supreme Court overturned a lower court's denial of a defendant's motion for a change of venue in a highly-

---

[2] Defendant's motion refers only to "Missouri v. Bamruck." Doc. 29 at 1.

publicized murder case where the majority of residents in the County reportedly believed that the defendant was guilty of the alleged crime. (Doc. 29 at 2).

The Southern District of Illinois is the proper venue for the instant case, and Defendant's motion to change venue should be denied. Rule 18 of the Federal Rules of Criminal Procedure – which designates the place for prosecution and trial of a case – states that "[u]nless a statute or these rules permit otherwise, the government must prosecute an offense in a district where the offense was committed. The court must set the place of trial within the district with due regard for the convenience of the defendant, any victim, and the witnesses, and the prompt administration of justice." Fed. R. Crim. P. 18. Additionally, Rule 21 of the Federal Rules of Criminal Procedure – which governs motions to transfer venue – provides only two grounds for a transfer: (1) "if the court is satisfied that so great a prejudice against the defendant exists in the transferring district that the defendant cannot obtain a fair and impartial trial there," or (2) "for the convenience of the parties, any victim, and the witnesses, and in the interest of justice." Fed R. Crim. P. 21(a), (b).

The offense alleged in this case occurred in the Southern District of Illinois, and Defendant cites no statute or rule that would permit this case to be heard in another venue. Additionally, Defendant has failed to show that either (1) prejudice against him exists in this District such that he cannot obtain a fair and impartial trial here, or (2) that another venue would be more convenient for any victim or witness in this case. Finally, Defendant's reliance on *Missouri v. Bamruck* is misplaced.  In addition to the fact that *Bamruck* was a state court case, it bears no relation to the instant case: *Bamruck* involved a crime that was so widely publicized that polls indicated a majority of St. Louis County residents believed the defendant was guilty.  In contrast, there is no indication that there has been any publicity relating to the circumstances and

events surrounding the allegations in this case.

In summary, Defendant has failed to shoulder his burden of proof on this issue, and his motion to change venue should be denied pursuant to the plain language of Rules 18 and 21.

### Demand for Speedy Trial (Doc. 8)

Defendant's *pro se* "Demand for Speedy Trial" (Doc. 8) consists of the following argument:

> The degenerate lying THUGS at the United States Marshal Service have concealed and destroyed enough evidence. Delay will not benefit them or [t]he lying lowlifes at United States Attorneys Office, they can lie on the fly, or lie through concerted effort (see 14-3449 US 8th and others)
> Delay hinders 15-1899 US 7th, (CASE IN WHICH MJR ADDED 102 MONTHS BASED ON WOODS/BERRY LIE)

(Doc. 8).

The Government respectfully asserts that even construed liberally, this motion fails to state a claim for relief, as Defendant has not alleged a Speedy Trial Act violation, nor has such a violation occurred. The Speedy Trial Act provides that no more than 70 days may elapse between arraignment and the commencement of trial. 18 U.S.C. § 3161(c)(1). However, certain periods of time between arraignment and trial are excluded from the Speedy Trial calculation. *United States v. Larson*, 417 F.3d 741, 744-45 (7th Cir. 2005). Importantly, delays resulting from a trial court's consideration of pretrial motions are excludable. 18 U.S.C. § 3161(h)(1)(D); *see also Bloate v. United States*, 559 U.S. 196, 205 (2010) (delay resulting from consideration of pretrial motions is "automatically excludable").

Defendant's instant "Demand for Speedy Trial" was filed on November 23, 2015 (Doc. 8), seven days *before* his arraignment. (Doc. 11). Trial was initially set to commence 64 days after arraignment, on February 2, 2016. On January 15, 2016, pursuant to 18 U.S.C.

§ 3161(h)(1)(D), the Court continued the trial date to March 1, 2016, in order to allow for time to consider Defendant's pretrial motions. (Doc. 37). The Court further noted that, pursuant to 18 U.S.C. § 3161(h)(7)(A) "[t]he ends of justice served by granting the continuance outweigh the best interest of the public and the Defendant in a speedy trial." *Id*.

Because the time period necessary for the Court's consideration of Defendant's pretrial motions is automatically excludable, and because the Court made a specific finding relating to the ends of justice, no Speedy Trial Act violations have occurred in this case. The Government estimates that, due to pending pretrial motions, no time has run on the Speedy Trial Act clock to date, and Defendant's "Demand for Speedy Trial" should therefore be denied.

## Motion for Documents (Doc. 28)

Defendant's *pro se* Motion for Documents (Doc. 28) appears to be a request for discovery, including (1) "How many cases are handled in a calendar year – CRIMINAL ONLY – 2015 + 2014"; (2) "How many defendants had business on 3/12/15 (IN CUSTODY ONLY – NAMES MAY BE REDACTED BY JUDGE MILLS – I know MABIE + MERCHANT 3 ? others from ST CLAIR COUNTY JAIL"; (3) "a copy of a motion/order of 3/12/15 on 30076 MJR [RESTORE PRO SE]"; (4) a "copy of sentencing memorandum/reasons by Judge Reagan on 4/3/15 case 30076 MJR"; and (5) "copy of transcript of testimony of USM BERRY + U.S.M. WOODS from 4/3/15 sentencing hearing case 30076 MJR."

Regarding Defendant's request as to "[h]ow many cases are handled in a calendar year," the answer to this question is irrelevant to this case, and this information is not within the scope of Rule 16. Regarding Defendant's request for the number of defendants in the custody of the U.S. Marshals Service at the Southern District of Illinois Courthouse on March 12, 2015, the undersigned will request this information, review it, and disclose it.

Regarding Defendant's request for specific documents from his previous criminal case, the Government will provide Defendant with courtesy copies of the following documents from the docket of his previous criminal case in *United States v. Mabie*, Case No. 14-30076-MJR (S.D. Ill. 2015): Docket Entry 220, which is a minute entry memorializing a Faretta Colloquy hearing dated March 12, 2015, and Docket Entry 229, which is a Minute Entry regarding Defendant's sentencing, dated April 3, 2015. With regard to Docket Entry 251, which is a transcript of the April 3, 2015 sentencing hearing in Defendant's previous criminal case, the Government has attached the relevant portions of the transcript that include testimony from Deputy U.S. Marshals Don Berry and Tom Woods as Exhibit A.

### Motion to Dismiss Due to Double Jeopardy (Doc. 30)

Defendant's Motion to Dismiss Due to Double Jeopardy (Doc. 30), construed broadly, argues that the Indictment in this case is an attempt to punish him for conduct that he has already been punished for. Defendant's motion should be denied for the following reasons:

On December 11, 2014, after a four-day jury trial, Defendant was found guilty of three counts of Mailing Threatening Communications in violation of 18 U.S.C. § 876(c). *United States v. Mabie*, No. 14-30076 (S.D. Ill. Dec. 11, 2014) ("*Mabie II*"). On April 3, 2015, the Court held a sentencing hearing. At the sentencing hearing, the Court heard testimony from several witnesses, including a U.S. Postal Inspector who had investigated the case, a victim of Defendant's threatening communications, and Defendant himself. Additionally, the Court heard testimony from a Deputy U.S. Marshal regarding an incident on March 12, 2015, that forms the basis for the current criminal case against Defendant. Ex. A at 46-59. Specifically, the Court heard from a Deputy U.S. Marshal who testified that on March 12, 2015, Defendant spit on the Marshal and rushed out of his holding cell in an effort to attack the Marshal. *Id*.

Defendant's claim that he has already been sentenced for the crime alleged in the Indictment in this case is erroneous. It is clear from the sentencing transcript that the Court in *Mabie II* heard evidence presented by the prosecution and by Defendant, and after considering and discussing the factors set out at 18 U.S.C. § 3553, sentenced Defendant to a term of imprisonment for three counts of Mailing Threatening Communications in violation of 18 U.S.C. § 876(c). The fact that the Court also heard testimony regarding Defendant's alleged assault of a Deputy U.S. Marshal and considered this evidence at sentencing does not implicate Double Jeopardy concerns.

The United States Supreme Court has held that the "use of evidence of related criminal conduct to enhance a defendant's sentence for a separate crime within the authorized statutory limits does not constitute punishment for that conduct within the meaning of the Double Jeopardy Clause." *United States v. Faulkner*, 793 F.3d 752, 756 (7th Cir. 2015) (quoting *Witte v. United States*, 515 U.S. at 399 (1995)). Thus, for purposes of the Double Jeopardy Clause, any use the Court made of evidence of Defendant's alleged assault did not constitute "punishment" for that conduct, and the Indictment in this case charging a violation of 18 U.S.C. § 111 does not implicate Double Jeopardy concerns. *Id*.

For the foregoing reasons, Defendant's Motion to Dismiss Due to Double Jeopardy (Doc. 30) should be denied.

### Motion for Request for Disclosure (Doc. 31)

Defendant's "Disclosure Request" (Doc. 31) consists of a series of confusing, unclear, and non-germane assertions, as well as several requests for purported evidence far outside the scope of the Government's discovery obligations under Rule 16 of the Federal Rules of Criminal Procedure.

For instance, Defendant requests audio of purported telephone calls that Defendant claims were made by an unknown member of the United States Marshal Service to the Alton City Jail on March 12, 2015, as well as video from the U.S. Marshal Service's holding cells in the United States District Court for the Southern District of Illinois on the same date. *Id*. ¶ 2-3. Such information is not within the Government's possession or control, and to the best of the Government's knowledge, such evidence does not exist. At the sentencing hearing in Defendant's previous criminal case, Deputy United States Marshal Tom Woods testified that he was unaware of any such telephone call being made from a member of the USMS to the Alton City Jail, and that no video from the USMS holding cell existed. *See* Ex. A, at 6-12.

Additionally, Defendant's motion contains a variety of requests that are difficult if not impossible for the Government to decipher, such as "4. Medstar – Gov't can get this call – Can Gov't get it without altering it – I doubt it," "5. All prior F.B.I. complaints from MABIE – S.A. CRONAN + ST. LOUIS", "6. FOIA REQUEST – TO SDUSM WOODS – FROM MABIE – 2015."  The Government does not know what Defendant seeks in this portion of his motion, but if he seeks more than he has already received in discovery, he should identify specifically what he seeks so that the Government can search for it, review it, and disclose it if it is discoverable.

For the foregoing reasons, Defendant's "Disclosure Request" (Doc. 31) should be denied.

### Motion for Hearing (Doc. 33)

Defendant's "Motion for Hearing" (Doc. 33) filed on January 8, 2016 consists of a series of unsupported allegations that various government officials committed perjury at Defendant's previous criminal trial, as well as a list of Defendant's subpoena requests.  The Government recognizes that the issuance of subpoenas is left to the sound discretion of the Court, but would point out Defendant has a history of abusing the subpoena process in his previous court cases.

*See United States v. Mabie*, Case No. 09-00351-ERW (E.D. Mo. July 23, 2010), Docket Entry 259 ("It is apparent that, when given authority to request subpoenas, Defendant has abused the process afforded to him. He has made open and veiled threats to some proposed witnesses and attempted to solicit money in exchange for withdrawing subpoenas. It is clear that Defendant is interested in harassing, intimidating, inconveniencing, and humiliating potential witnesses, rather than gathering legally relevant information.").

### Motion to Appoint Computer Expert (Doc. 34)

Defendant's Motion to Appoint Computer Expert (Doc. 34) requests that the Court appoint an expert to "…retrieve video evidence of acts alleged in above styled matter." Once again, Defendant seeks evidence that, to the best of the Government's knowledge, does not exist. As referenced above, the Government does not have possession of any videotape of the U.S. Marshal's holding cell area dated March 12, 2015, and at Defendant's sentencing hearing in his previous criminal case, a Deputy United States Marshal testified under oath that no such video exists. Ex. A at 8-9. Because the video that Defendant purports to request does not exist, Defendant's motion to appoint a computer expert should be denied.

### Conclusion

For the foregoing reasons, the Court should deny Defendant's following motions: Motion to Dismiss Indictment (Doc. 6); Motion to Change Venue (Doc. 7); Demand for Speedy Trial (Doc. 8); Supplement to Motion to Dismiss and Motion to Change Venue (Doc. 29); Motion to Dismiss Due to Double Jeopardy (Doc. 30); Motion for Request for Disclosures (Doc. 31); Motion for Hearing (Doc. 33); and Motion to Appoint Computer Expert (Doc. 34). With regard to Defendant's *pro se* Motion for Documents (Doc. 28), the Government agrees to provide Defendant with copies of various documents from the docket of his previous criminal case, and

to search for and provide if discoverable information relating to the number of defendants in the custody of the U.S. Marshal Service at the Southern District of Illinois Courthouse on March 12, 2015.

Finally, the Government notes that Defendant appears not to understand the Order Regarding Pretrial Discovery and Motion Practice (Doc. 14) entered in this case, which requires that Defendant's discovery requests be directed to the Government, with the parties being obliged to exercise good faith efforts to attempt to resolve any discovery disputes that may arise. The Government is endeavoring to comply with that Order.

        Respectfully submitted,

        JAMES L. PORTER
        Acting United States Attorney

        */s/ Shane B. Kelbley*
        SHANE B. KELBLEY
        Special Assistant United States Attorney
        Nine Executive Drive
        Fairview Heights, IL 62208
        Phone: 618-628-3700
        Fax: 618-628-3730
        E-Mail: Shane.Kelbley@usdoj.gov

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Criminal No. 15-30158-RHM |
| ) | |
| WILLIAM MABIE , ) | |
| ) | |
| Defendant. ) | |

**CERTIFICATE OF SERVICE**

I hereby certify that on January 25, 2016, I caused to be electronically filed **GOVERNMENT'S CONSOLIDATED RESPONSE TO DEFENDANT'S *PRO SE* MOTIONS** with the Clerk of Court using the CM/ECF system. I further certify that on January 25, 2016, I had mailed by United States Postal Service, the document(s) to the following non-registered participants:

William J. Mabie
Legal Mail
Clinton County Jail
810 Franklin Street
Carlyle, IL 62231

                                            JAMES L. PORTER
                                            Acting United States Attorney

                                            */s/ Shane B. Kelbley*
                                            SHANE B. KELBLEY
                                            Special Assistant United States Attorney
                                            Nine Executive Drive
                                            Fairview Heights, IL 62208
                                            Phone: 618-628-3700
                                            Fax: 618-628-3730
                                            E-Mail: Shane.Kelbley@usdoj.gov