IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | |
| v. | Case No. 15-CR-30158-SPM |
| WILLIAM J. MABIE, | |
| Defendant. | |

## MEMORANDUM AND ORDER

**McGLYNN, District Judge:**

This matter comes before the Court on Defendant William J. Mabie's Motion for Sentence Reduction pursuant to 18 U.S.C. § 3582(c) and § 1B1.10 of the United States Sentencing Guidelines Manual [hereinafter Sentencing Guidelines] making Amendment 821 retroactive (Doc. 175).

On June 13, 2024, Mabie filed a *pro se* Motion for Sentence Reduction Pursuant to 18 U.S.C. § 3582 Amendment 821. (Doc. 167). In accordance with the (now defunct) Administrative Order 362, Federal Public Defender Kim C. Freter was appointed to represent Mabie on June 26, 2024. (*See* Doc. 171). Attorney Freter filed the instant Motion on August 9, 2024. (*See* Doc. 175). The United States responded in opposition on August 28, 2024. (Doc. 179).

In the instant case, Mabie's total offense level was 17 and his Criminal History Category was V at sentencing. (*See* Doc. 115, p. 1; Doc. 179, p. 2). While Mabie's guidelines range was 46–57 months (see Doc. 115, p. 1), he was sentenced to an above-Guidelines sentence of 72 months, with the term of imprisonment to run

consecutively to his imprisonment in cases 09-CR-00351-ERW and 14-CR-30076-MJR. (*See* Doc. 116, p. 2; Doc. 133). In his Motion, Mabie argues that the retroactive application of Amendment 821 to Sentencing Guidelines § 4A1.1(e) means that Mabie's criminal history score would be reduced from 10 to 9, meaning that he would be placed in Criminal History Category IV with a revised Guidelines range of 37–46 months. (*See* Doc. 175, p. 2). Mabie argues that the prior 26% upward deviation in his prior sentence of 72 months should be amended to 57 months (a 26% upward deviation from 46 months, the high end of the Guidelines range). (*See id.*).

While the Government agrees that Mabie is eligible for a sentence reduction pursuant to Amendment 821, they argue that the 18 U.S.C. § 3553(a) factors indicate that Mabie's sentence should not be reduced. (*See* Doc. 179, p. 6–11). Notably, the Government points to Mabie's voluminous record of disciplinary infractions while incarcerated[1] in addition to his continued threats of bodily harm (up to and including threats to murder public officials). *(See id.)*. During the past two months, Mabie has continued to mail violent and threatening letters addressed to the Court (*See* Docs. 173, 177). In the latest letter received on August 12, 2024, Mabie states that the "Gov't [sic] perjurers will be murdered, and the mail thieves [sic] names carved in their corpses." (Doc. 177, p. 1). The Government describes Mabie's conduct in detail in their Response—Mabie's track record includes multiple instances of threatening public officials (including FBI agents), both in person and via mail, including during

---

[1] Of particular note are 41 instances of threatening bodily harm, 7 instances of mail abuse, and 2 assaults without serious injury. (*See* Doc. 179, Ex. A, p. 1).

the trial in the instant case. (*See* Doc. 179, pp. 6–11). Mabie's history of conduct was considered at sentencing by Judge Richard H. Mills, who wrote:

> The sentence should promote respect for the law and provide just punishment, therefore, a slap on the wrist would not be appropriate given the defendant's demonstrated lack of respect for the law and his increasing criminality. Similarly, Mr. Mabie's prior encounters with the criminal justice system have not deterred him from further criminal conduct. In fact, the defendant has continued to express a desire to exact revenge upon those he feels have wronged him, as we have just heard a few moments ago again in this courtroom from Mr. Mabie.
> There is a strong need to protect the public from further crimes of the defendant for reasons that are clear. For the past 15 years in particular he has threatened people. Here he resorted to physical violence.
> The defendant has threatened the Defendant (sic) Marshal Don Berry a number of times, including this very afternoon a few moments ago in connection with this case. He has used racial epithets and called him a bitch. Mr. Mabie states that he wants "blood for blood." That is the quote. And he would like to tie the Deputy Marshal to the "bumper and drag his ass around."
> Now the defendant was not deterred by two federal convictions which resulted in lengthy prison terms. . . .
> . . .
> . . . I will say that after 50 years on the bench, state and federal, I can't say that I recall anyone who was similarly situated to Mr. Mabie in my experience. Nothing has deterred the defendant from continuing and escalating this pattern of threats. I don't know why nothing has worked. As long as it is within their control, most individuals would stop issuing threats, particularly when already serving lengthy prison sentences. . . .

(Doc. 179, pp. 9–10 (citing Doc. 130, pp. 34–36)).

Considering the § 3553(a) factors, the Court declines to disturb Judge Mills's rationale here. Mabie continues to express disdain for the law and is, clearly, not deterred by his continued incarceration. Thus, while Mabie may be eligible an

Amendment 821 sentence reduction, the fact that he continues to engage in the exact same conduct which resulted in his sentence in the first place indicates that his sentence should not be reduced.

Accordingly, Defendant William J. Mabie's Motion for Sentence Reduction pursuant to Amendment 821 (Doc. 175) is **DENIED**. Additionally, William J. Mabie's *pro se* Motion for Sentence Reduction pursuant to Amendment 821 (Doc. 167) is **DENIED as moot**.

**IT IS SO ORDERED.**

**DATED:  August 29, 2024**

*s/ Stephen P. McGlynn*
**STEPHEN P. McGLYNN**
**U.S. District Judge**
